UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIA M. LEE, on behalf of herself and all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff, | CASE NO. 1:20-cv-01268 |
| v. | |
| FRANKLIN COLLECTION SERVICE, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**CLASS ACTION COMPLAINT**

NOW comes NATIA M. LEE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of FRANKLIN COLLECTION SERVICE, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this this class action on behalf of Plaintiff and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d), and 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Joliet, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Defendant is a third party debt collector priding itself on obtaining "results far above the national average."[1] Defendant is a corporation organized under the laws of the state of Mississippi with its principal place of business located in Tupelo, Mississippi.

7. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it regularly uses the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another. Defendant is similarly a debt collector because it is a business the principal purpose of which is the collection of debts..

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

10. The instant action arises out of Defendant's attempts to collect upon an outstanding DirecTV debt ("subject debt") said to be owed by Plaintiff

11. Plaintiff's DirecTV account was used for her personal and household use; therefore, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

---

[1] https://franklinservice.com/about/

12. Upon information and belief, the subject debt was placed with Defendant after Plaintiff's purported default thereon.

13. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

14. On or about January 17, 2020, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Collection Letter to Plaintiff, attached as Exhibit "A"*.

15. The Collection Letter is the first written communication Plaintiff received from Defendant in connection with the subject debt.

16. Upon information and belief, the Collection Letter is a "form" collection letter used by Defendant when sending initial written communications to consumers which is substantially similar regardless of the consumer receiving such letter (save for certain demographic and debt-specific information).

17. The Collection Letter represents that the subject debt is owed to DirecTV, that the subject debt is associated with "FCSI CASE #" ending in 984, and that the balance of the subject debt totals $273.11.

18. The Collection Letter goes on to present an offer to Plaintiff to settle the debt at less than the full balance.

19. Thereafter, the Collection Letter states:

> TO ACCEPT THIS OFFER PLEASE SEND PAYMENT OF 191.18. IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING **OUR** POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (877) 264-2172.

*See Exhibit A* (emphasis added).

3

20. Defendant's use of this language is false, deceptive, misleading, and unfair – in several material respects.

21. Defendant's Collection Letter falsely, deceptively, misleadingly, and unfairly suggests that *it* would have *any* potential legal remedies in connection with the subject debt.

22. By virtue of suggesting that Plaintiff needed to contact an attorney regarding *Defendant's* potential remedies, Defendant represented to Plaintiff that *it* would have *some* ability to seek legal recourse in order to effectuate its collection efforts.

23. However, because the subject debt is owed to DirecTV, rendering DirecTV the current holder of the subject debt, only DirecTV would have any potential legal remedies to go about collecting the subject debt.

24. As such, Plaintiff was, and unsophisticated consumers would be, falsely led to believe that Defendant had the authority to initiate legal proceedings against Plaintiff, when in fact such authority rested with DirecTV.

25. Courts routinely find that a debt collector violates the FDCPA when it misleadingly suggests that it has the authority to engage in conduct when, in actuality, that authority remained with the current creditor. *E.g., Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2d Cir. 1993).

26. Defendant's Collection Letter further misrepresents the nature of the subject debt and the options Plaintiff would have to go about addressing the subject debt.

27. Specifically, Defendant's Collection Letter conveyed to Plaintiff that she had three options in response to Defendant's Collection Letter: (1) pay Defendant; (2) contact an attorney; or (3) contact Defendant.

28. However, such a representation is materially misleading and deceptive, as Plaintiff was led, and unsophisticated consumers would be led, to believe their options were so limited – when in fact they are not.

29. Defendant's misleading limitation as to Plaintiff's options is further inconsistent with her right to dispute the subject debt and seek validation of the same pursuant to 15 U.S.C. § 1692g, and similarly overshadows Plaintiff's rights to dispute and seek validation under § 1692g.

30. Defendant's language overshadowed Plaintiff rights as the nature of the inappropriate limitation risked Plaintiff acting in response to Defendant's misleading representations, at the dereliction of her ability to invoke the rights afforded under § 1692g.

31. The overshadowing is particularly evident in Defendant's Collection Letter since the disclosures required to be provided in the Collection Letter pursuant to § 1692g appear on the back side of the Collection Letter – long after Defendant's misleading representations as to Plaintiff's available options.

32. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons in the state of Illinois who received a collection letter in the form of *Exhibit A* during the one year preceding the filing of this action through the date of class certification from Defendant that contains the language: IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (877) 264-2172.

34. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

35. Upon information and belief, the Class consists of dozens or more persons throughout the State of Illinois, such that joinder of all Class members is impracticable.

36. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form collection letters based on a common course of conduct by Defendant.

37. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

38. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions, complex litigation, as well as FDCPA litigation.

39. This questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Letters to Class Members which falsely, deceptive, misleadingly, and unfairly represented its potential legal remedies in connection with the subject debt; (ii) whether Defendant violated the FDCPA by misrepresenting the options Plaintiff had to respond to its Collection Letter; (iii) whether Defendant complied with several different provisions of the FDCPA; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of dozens of individual lawsuits would cause a strain on judicial

resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

    **a. Violations of 15 U.S.C § 1692e**

42. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

44. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10) when it falsely, deceptively, and misleadingly suggested that it would have potential legal remedies in connection with the subject debt. Because only DirecTV would have any potential legal remedies in connection with the subject debt, the Collection Letter's suggestion to the contrary is false, deceptive, and misleading, in violation of the above referenced portions of the FDCPA.

45. Defendant further violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it deceptively and misleadingly conveyed an unwarranted limitation on Plaintiff's available options in response to the Collection Letter. Defendant's Collection Letter conveyed to Plaintiff that she could either: accept the settlement offer, contact an attorney in preparation of being sued by Defendant, or call Defendant to discuss. Such an unwarranted limitation is deceptive and misleading and poses a

material risk of harm to Plaintiff's interests in being able to go about responding to an attempt to collect debt in an intelligent and well-informed manner.

    b.  **Violations of 15 U.S.C. § 1692f**

46. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendant violated 15 U.S.C. § 1692f when it unfairly represented the extent of its potential legal remedies to Plaintiff.

48. Defendant further violated § 1692f given the extent to which its Collection Letter unfairly attempts to convince Plaintiff that her options to address the subject debt were limited to the options represented in the Letter.

49. Defendant further violated § 1692f given the unfair manner in which the Collection Letter suggests that Defendant would be an entity that could properly provide legal advice to Plaintiff. Defendant's Collection Letter informed Plaintiff that she needed to either call an attorney about Defendant's legal remedies and Plaintiff's legal defenses, or that Plaintiff could call Defendant. The structure of the Collection Letter thus suggested to Plaintiff that either an attorney, or Defendant, would provide Plaintiff with information about her legal defenses. Such a suggestion is inherently unfair given the nature of Defendant's vested interest in ensuring that it collected payment from Plaintiff, rather than adequately providing her with notice of her rights and potential legal defenses.

    c.  **Violation of 15 U.S.C. § 1692g**

50. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, in their initial written communications with consumers, provide such consumers with various pieces of information regarding consumers' rights to dispute the validity, and seek validation of, the debt(s)

serving as the basis the debt collectors' collection efforts. Pursuant to 15 U.S.C. § 1692g(b), any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

51. Defendant violated § 1692g(b) through the nature of its Collection Letter and the manner in which it misrepresented Plaintiff's options in response to the Collection Letter. The nature and structure of Defendant's Collection Letter was such that Plaintiff would be compelled to take immediate action so as to avoid potential legal consequences; however, creating such immediacy in the same correspondence outlining Plaintiff's 30-day validation period to dispute and seek validation of the subject debt constitutes an impermissible overshadowing of Plaintiff's dispute and validation rights, in violation of § 1692g(b).

WHEREFORE, Plaintiff, NATIA M. LEE, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 21, 2020                                Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com  

s/ Eric D. Coleman  
Eric D. Coleman, Esq. # 6326734  
*Counsel for Plaintiff*  
Admitted in the Northern District of Illinois  
Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(331) 307-7648 (phone)  
(630) 575-8188 (fax)  
ecoleman@sulaimanlaw.com  

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 581-5858 (phone)  
(630) 575-8188 (fax)  
thatz@sulaimanlaw.com  

s/Alejandro E. Figueroa  
Alejandro E. Figueroa, Esq. #6323891  
*Counsel for Plaintiff*  
Admitted in the Northern District of Illinois  
Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 575-8181 ext. 120 (phone)  
(630) 575-8188 (fax)  
alejandrof@sulaimanlaw.com