UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIA M. LEE, on behalf of herself and all others similarly situated ) ) ) Plaintiff, ) ) v. ) ) FRANKLIN COLLECTION SERVICE, INC. ) ) Defendant. ) | No. 20-cv-01268<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Natia M. Lee brings this proposed class action against Franklin Collection Service, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Franklin moved to dismiss Lee's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 13. For the following reasons, Franklin's motion is denied in part and granted in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

1

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Plaintiff Lee owed $273.11 to DirecTV. R. 1 ¶ 17. Lee was unable to pay, so the debt fell into default. *Id.* ¶ 12. In a dunning letter dated January 17, 2020, Franklin Collection Service attempted to collect on the debt. *Id.* ¶ 14; R. 15-1. In the first paragraph of the letter, Franklin offered Lee a "discount" of $81.93 and advised her to contact "your attorney" regarding "our potential remedies" and "your defenses":

> THIS ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTION. YOU HAVE AN OUTSTANDING BALANCE OF 273.11 OWED TO DIRECTV. IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER WE AGREE TO OFFER YOU A DISCOUNT OF 81.93. TO ACCEPT THIS OFFER PLEASE SEND PAYMENT OF 191.18. IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES OR CALL (877) 264-2172.

*Id.* (capitalization in original).

After receiving the letter, Lee brought this proposed class action against Franklin under the FDCPA. The complaint contains one count but alleges that the letter violates three different provisions of the statute. According to Lee, the letter violates the FDCPA's ban against false or misleading representations, 15 U.S.C. § 1692e, as well as the ban against unfair means in collecting a debt, 15 U.S.C. § 1692f, because the phrase "our potential remedies" suggests that Franklin could pursue legal remedies in connection with the debt when that right is reserved exclusively for DirecTV. R. 1 ¶¶ 42-44, 47. Lee also argues that the letter violates § 1692e and § 1692f because the final sentence of the first paragraph falsely suggests that her only options in responding to the letter are to pay the debt, contact an attorney, or call Franklin. *Id.* ¶¶ 45, 48. She further contends that the letter violates § 1692f because the letter gives the impression that Franklin could provide Lee with legal advice. *Id.* ¶ 49. Finally, Lee argues that the "nature and structure" of the letter as a whole violates the FDCPA's ban against overshadowing statutorily mandated language, 15 U.S.C. § 1692g. *Id.* ¶¶ 50-51. Franklin moved to dismiss Lee's complaint, arguing that the allegations fail to state a claim upon which relief can be granted. R. 13.

## Discussion

### I. Section 1692e (False Representation)

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This provision is a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), and sets forth "a

3

nonexclusive list of prohibited practices" in 16 subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Lee invokes § 1692e generally, as well as three specific subsections: § 1692(2)(A), which forbids the "false representation of—the character, amount, or legal status of any debt"; § 1692(5), which prohibits threats "to take any action that cannot legally be taken or that is not intended to be taken"; and § 1692(10), which proscribes the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

In evaluating whether a debt collector's statement is deceptive under § 1692e, courts in the Seventh Circuit read the statement from the perspective of an "unsophisticated consumer." *Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 764 (7th Cir. 2018). In other words, courts ask "whether a person of modest education and limited commercial savvy would be likely to be deceived by the debt collector's representation." *Id*. This inquiry is a question of fact. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). As such, "complaints alleging misleading communications under § 1692e are rarely subject to dismissal for failure to state a claim." *Johnson v. Enhanced Recovery Co.*, LLC, 961 F.3d 975, 980–81 (7th Cir. 2020) (citations omitted); *see also McMillan*, 896 F.3d at 759 (noting that "a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.").

The Seventh Circuit organizes § 1692e debt-collection statements into three general categories: (1) statements that are plainly not misleading to the unsophisticated consumer; (2) statements that "might possibly" mislead the unsophisticated customer; and (3) statements that are plainly misleading. *See Ruth v. Triumph Partnerships*, 577 F.3d 790, 800–01 (7th Cir. 2009). Only statements that fall in the first category warrant dismissal at the pleading stage. *Id.*; *see also Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012).

Here, Lee primarily argues that Franklin's reference to "our potential remedies" in the dunning letter misleads the unsophisticated consumer into thinking that Franklin can initiate legal proceedings to collect the debt. R. 1 ¶¶ 21-24; R. 20 at 6-9. She alleges that only DirecTV can pursue such proceedings. R. 1 ¶ 23. Franklin argues that the phrase "our potential remedies" does not refer to *legal* remedies, and that the letter as a whole says nothing about Franklin's ability to file a lawsuit or seek legal remedies in its own right. R. 25 at 2-3. Franklin also argues that the letter is not misleading because it does not threaten litigation. *See* R. 15 at 4-6.

Lee has the better argument at this point in the proceedings. As stated, the question of whether a debt-collection statement is misleading is a question of fact, and statements that "might possibly" mislead an unsophisticated consumer should not be dismissed at the pleading stage. Here, the first paragraph of Franklin's letter states that the debt has been placed "with *our* office for collection." R. 15-1 (emphasis added). The paragraph goes on to say that Lee owes a balance to DirecTV and that in an effort to resolve the debt "*we* agree to offer you a discount." *Id*. (emphasis added).

5

The paragraph then concludes: "If you are not paying this account, contact your *attorney* regarding *our* potential *remedies*, and your *defenses*." *Id*. (emphasis added).

Considered together, these statements—and their use of the words "our," "we," "attorney," "potential remedies," and "defenses"—might possibly mislead an unsophisticated consumer into thinking that Franklin could initiate legal proceedings to collect the debt when only DirecTV could do so. That is enough to survive a motion to dismiss. *See Soyinka v. Franklin Collection Serv., Inc.*, No. 19-CV-04691, 2020 WL 4003504, at *4 (N.D. Ill. July 15, 2020) (denying motion to dismiss where dunning letter "could communicate to an unsophisticated consumer the message that if she does not pay, then she will be sued."); *Cadiz v. Credence Res. Mgmt., LLC*, No. 17-CV-01949, 2018 WL 4052159, at *2 (N.D. Ill. Aug. 24, 2018) (similar). While it is true that the words "attorney," "remedies," and "defenses" could be used to describe processes other than legal proceedings, those words do not appear in a vacuum. They are made in the context of a collection notice addressed to someone who has defaulted on a debt. As such, an unsophisticated consumer reading the letter might possibly draw the conclusion that a lawsuit is on the horizon. Dismissal of Lee's § 1692e claim is therefore unwarranted.

Franklin points the Court to several cases in which § 1692e claims based on similarly worded letters have been dismissed. *See* R. 15 at 6-9 (citing *Brunett v. Franklin Collection Serv. Inc.*, No. 18-CV-163-JPS, 2018 WL 2170334 (E.D. Wis. May 10, 2018); *Clark v. Franklin Collection Serv., Inc.*, No. 14-CV-8067, 2015 WL 3486767 (D.N.J. June 2, 2015); *Klemp v. Franklin Collection Serv., Inc.*, No. 19-C-691, 2019

WL 6352483 (E.D. Wis. Nov. 27, 2019); *Covington v. Franklin Collection Servs., Inc.*, No. 16-2262-JWL, 2016 WL 4159731 (D. Kan. Aug. 5, 2016); *Rivera v. Franklin Collection Servs., Inc.*, No. CV 17-631, 2017 WL 3075085 (E.D. Pa. July 19, 2017); *Hanford v. Franklin Collection Serv., Inc.*, No. 4:17-CV-2005-SNLJ, 2018 WL 2129612 (E.D. Mo. May 9, 2018); *Winans v. Franklin Collection Serv., Inc.*, No. 17CV659, 2018 WL 3942073 (M.D.N.C. Aug. 16, 2018). But none of those district court cases are controlling and several of them were decided in circuits that do not seem to view the "false, deceptive, or misleading" inquiry as a question of fact. Further, the Court finds unpersuasive the cases that were decided under Seventh Circuit precedent—*Brunett* and *Klemp*. Both cases cited to *Clark v. Franklin*, an out-of-circuit district court case which concluded that the words "remedies," "defenses," "attorney," "case," and "firm" appearing in a dunning letter would not lead an unsophisticated debtor to think that a lawsuit would be initiated if the debt was left unpaid. 2015 WL 3486767 at *3. But as explained above, and as other courts have noted, *Clark*'s conclusion "pulls the words out of context and is not the way that an unsophisticated consumer would actually read the letter." *Soyinka*, 2020 WL 4003504 at *5.

Franklin also points the Court to *Combs. v. Direct Mktg. Credit Servs., Inc.* for the proposition that "for a collection notice impermissibly to threaten legal action, it must falsely 'communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made.'" 1998 WL 911691, at *2 (7th Cir. Dec. 29, 1998) (internal citation omitted). But the court

7

went on to say that "[e]ven indirect or oblique threats give rise to liability, provided they indicate that 'legal action is underway or contemplated in the near future.'" *Id.* (internal citation omitted). And in any event, the Seventh Circuit has recognized that, even absent a threat, it is deceptive and misleading to suggest that litigation is a possibility when it is not. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020–1021 (7th Cir. 2014) (finding that the use of the phrase "offer to settle" in a dunning letter could mislead the unsophisticated consumer into believing that collection agency could sue on time-barred debt).

The Court accordingly denies Franklin's motion to dismiss Lee's § 1692e claim.

## II. Section 1692(f) (Unfair or Unconscionable Means)

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Courts evaluating claims under § 1692f apply the "unsophisticated consumer" standard used for claims under § 1692e. *McMillan*, 455 F.3d at 759. Lee's § 1692f claim is based on the same underlying facts as her § 1692e claim.

Franklin argues that Lee's § 1692f claim must be dismissed because it does not have an independent basis. R. 15 at 11. But the Seventh Circuit has recognized that the same conduct can violate § 1692f as well as other FDCPA provisions. *See McMillan*, 455 F.3d at 765 (reversing dismissal of §§ 1692e and 1692f claims based on the same underlying conduct) (*citing Field v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004) (similar)); *see also Soyinka*, 2020 WL 4003504 at *6 (declining to dismiss § 1692f claim even though it was based on same conduct as § 1692e claim).

8

Franklin cites no authority to the contrary and makes no other argument as to why the Court should dismiss Lee's § 1692f claim. Franklin's motion to dismiss the § 1692f claim is therefore denied.

### III. Section 1692(g) (Overshadow or Inconsistency)

Section 1692g(a) of the FDCPA states that within five days of the initial communication, the debt collector must provide certain information to the debtor, including a statement that the debtor has 30 days to contest the validity of the debt before it will be assumed to be valid. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018). In addition, § 1692g(b) dictates that any "collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

Lee alleges that the "nature and structure" of the dunning letter violates § 1692g(b)'s prohibition against "overshadowing." According to Lee, the nature of the letter impermissibly encouraged her to take immediate action regarding the debt. R. 1 ¶ 51. She also argues that the letter created the false impression that she had to respond in one of three ways: pay the debt, contact an attorney, or call Franklin. *See* R. 1 ¶ 27-28; R. 20 at 14. As to the letter's structure, Lee argues that Franklin's placement of the § 1692g(a) validation information on the second page of the letter "increases the likelihood" that a consumer will not see it. *Id*. at 13; R. 1 ¶ 31.

Whether a dunning letter is confusing is a question of fact. Nonetheless, dismissal is appropriate as a matter of law when it is "apparent from a reading of the

9

letter that not even a significant fraction of the population would be misled by it." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004) (internal quotation marks omitted). Such is the case here. Contrary to Lee's allegation that the letter violates the FDCPA by encouraging immediate action, the Seventh Circuit has held that letters which encourage the debtor to "act now" without setting deadlines contrary to the 30-day validation period do not violate the statute. *See, e.g.*, *Zemeckis*, 679 F.3d at 636 (affirming dismissal because "[e]ven the most unsophisticated debtor would realize that debt collectors wish to expedite payment, and urging him to hurry does not confuse or undermine his right to his validation period.").

Furthermore, the letter's instruction to contact an attorney or call Franklin does not overshadow § 1692g(a)'s disclosure language. The entire instruction reads: "IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL" Franklin at the number provided. R. 15-1 (capitalization in original). By contrast, the 1692g(a) disclosure language informs Lee that she may respond to the letter by contacting Franklin in writing within 30 days. *See id.* Viewed side-by-side, the instruction tells Lee what to do if she is not paying the account, while the disclosure language informs Lee of her broader options in responding to the letter. As such, the instruction does not overshadow or contradict the disclosure language because the instruction is limited to a narrower set of circumstances and does not attempt to list every possible way Lee may respond to the letter.

10

Lee's structure argument does not fare any better. While the disclosure language appears on the back of the letter, the Seventh Circuit has held that such placement "does not engender confusion sufficient to state a claim under the FDCPA." *Zemeckis*, 679 F.3d at 637; *see also Sims v. GC Servs. L.P.*, 445 F.3d 959, 964 (7th Cir. 2006). Further to this point, the first page of the letter states in capital letters that Lee should "see [the] reserve side for important information." R. 15-1. After reading that notice, "even unsophisticated consumers would turn the letter over to see the information on the back." *Sims*, 455 F.3d at 964. Lee's § 1692g claim is therefore dismissed.

## Conclusion

For the foregoing reasons, Franklin's motion to dismiss [13] is denied in part and granted in part. The motion is denied as to Lee's claims under §§ 1692e and 1692f. The motion is granted as to Lee's claim under § 1692g. A status hearing is set for December 8, 2020. Prior to the status hearing, the parties should meet and confer regarding a discovery schedule.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: November 23, 2020